JACOB KRYGER v. WILLIAM H. ANDREWS.

| 65 | 405 |
| 67 | 494 |

*Sale of corporate stock—Fraud—Evidence—Submission to jury.*

In this case the Court held that no question of law is involved, and that there was testimony sufficient to warrant the submission of the case to the jury.

Error to Kent. (Montgomery, J.)    Argued February 8 and 9, 1887.    Decided April 14, 1887.

Case.  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*D. E. Corbitt*, for appellant.

*Frank L. Carpenter*, for plaintiff.

MORSE, J.   The plaintiff brought suit in the Kent circuit court in an action of trespass on the case, claiming that the defendant, in September, 1883, sold to him 28 shares in a corporation known as the "Valley City Manufacturing Company," for the sum of $700; and that, to bring about such sale, he falsely and fraudulently represented to the plaintiff that the capital stock of said corporation was $12,000, and was fully paid up; that the liabilities of the company did not exceed $7,000; and that its available assets were sufficient to pay its capital stock and all indebtedness owing by it, and leave a surplus of $1,500 and upwards; also that for the year 1882 the company had paid an annual dividend of 22 per cent.

Relying upon such false statements, the plaintiff made the purchase.

All of said representations he alleges to be false, and made for the purpose of defrauding him, and that he has been greatly damaged thereby.

Defendant pleaded the general issue.

Upon a trial upon the issue joined, the jury found a verdict for the plaintiff in the sum of $400, and judgment was rendered accordingly.

It is contended by defendant's counsel that there was no evidence tending to support the allegations in plaintiff's declaration, and that verdict should have been directed in favor of defendant.

We do not consider it necessary to enter into any discussion of the evidence.

The defendant admitted that he made the representations

substantially as alleged and proven by the plaintiff. It also appears that at the outset, in the formation of the company, the stockholders did not fully pay up for the shares issued to them, most of them taking $1,000 stock, paying in $600 or $700 therefor.

About 40 per cent. of the capital stock was not paid up. It was claimed that afterwards, and before the purchase by plaintiff, this 40 per cent. was paid in by stock dividends, or by adding the profits of the business to the capital stock, thus increasing it to its full face value.

The question as to this increase of stock and the consequent paying up of the capital in full was fairly submitted to the jury, and they found against the defendant.

We think there was testimony in the case sufficient to warrant the submission of the case to the jury and to support the verdict.

The defendant's counsel maintains that the evidence shows to a moral certainty that the representations made by the defendant were true, and that the jury were not authorized upon any testimony in the case to find differently.

It would serve no useful purpose to here argue a mere question of the weight or sufficiency of the evidence, as such argument could not be of any general interest or benefit. No question of law is involved; and we need only add that we find no error in the proceedings.

The judgment will therefore be affirmed, with costs.

The other Justices concurred.